IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| SHAH KABIR and URSULA KABIR, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. |
| v. ) | |
| ) | |
| FREEDMAN ANSELMO LINDBERG LLC, ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

## COMPLAINT

1. This case stems from Defendant's violation of the Fair Debt Collection Practices Act. Defendant falsely represented it was entitled to obtain a default and judgment of foreclosure and for other relief against Plaintiff homeowners, and Defendant actually tried to obtain a default and judgment of foreclosure and for other relief against Plaintiffs, in connection with a lawsuit that had been dismissed for years.

*Parties*

2. Plaintiffs, Shah Kabir and Ursula Kabir, are Illinois citizens who reside in this district.

3. Plaintiffs are "consumers" under § 1692a(3) of the FDCPA. The alleged obligation Defendant tried to collect from them is a "debt" under § 1692a(5) of the FDCPA, because the alleged obligation arises from a home mortgage loan.

4. Defendant, Freedman Anselmo Lindberg LLC ("Freedman"), is an Illinois limited liability company. Freedman is a "debt collector" under the § 1692a(6) of the FDCPA because it is regularly engaged in the collection of alleged debts for others in Illinois.

1

*Jurisdiction and Venue*

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case arises under the FDCPA. *See* 15 U.S.C. §1692k(d).

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Facts*

7. On July 7, 2008, Freedman filed a lawsuit against the Kabirs in state court seeking various forms of relief including, but not limited to, a judgment of foreclosure on Plaintiffs' home mortgage loan, and a personal deficiency judgment for money against Ursula Kabir.

8. On July 20, 2009, the state court presiding over the lawsuit entered an order dismissing the lawsuit, but also granting leave to reinstate the lawsuit within one year upon the filing of a motion to reinstate supported by affidavit.

9. Freedman never moved to reinstate the lawsuit. As a result, the dismissal became final, the state court lost jurisdiction over the Kabirs, and thus Freedman lost any alleged right it might have had to obtain relief in connection with the lawsuit.

10. Nevertheless, on February 20, 2013, *i.e.*, more than two years after the dismissal, Freedman served Plaintiffs with several motions putatively in the dismissed lawsuit, including a motion to enter a default against Ursula Kabir for allegedly not appearing in the case, an affidavit stating that its client "is seeking to recover the following itemized sums of money that remain due as of 1/16/13….," and a motion for judgment.

11. Freedman's actions forced the Kabirs to incur the cost of obtaining counsel to protect them from Freedman.

## COUNT I
### *Violation of the Fair Debt Collection Practices Act § 1692e*

12. The Kabirs hereby restate, reallege, and incorporate herein by reference paragraphs 1-11 as if set forth fully in this Count.

13. Under § 1692e of the FDCPA, a "debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Furthermore, § 1692e(2) of the FDPCA expressly prohibits a debt collector from misrepresenting the status of an alleged debt, and § 1692e(5) of the FDPCA expressly prohibits a debt collector from threatening to take any action that cannot legally be taken.

14. By serving the Kabirs with a motion for default and motion for judgment putatively in the dismissed state court lawsuit, Freedman falsely represented that the Kabirs' alleged mortgage loan debt was in legal proceedings, that the alleged debt was still subject to the jurisdiction of the state court, and that Freedman could legally obtain a default, summary judgment and other relief against the Kabirs in the dismissed lawsuit. Accordingly, Freedman violated § 1692e, e(2) and e(5) of the FDCPA.

15. Freedman's actions render it liable to the Kabirs for statutory damages, actual damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

## COUNT II
### *Violation of The Fair Debt Collection Practices Act § 1692f*

16. The Kabirs hereby restate, reallege, and incorporate herein by reference paragraphs 1-11 as if set forth fully in this Count.

17. Under § 1692f of the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

18. Freedman engaged in an unfair practice by attempting to obtain a default and judgment for foreclosure and other relief against the Kabirs in a lawsuit that had been dismissed,

and after the deadline for seeking leave to reinstate the suit had expired. In addition to subjecting the Kabirs to the stress associated with being told that they could lose their home in a case that was supposed to be closed, Freedman forced the Kabirs to incur the cost of hiring a lawyer to protect them. Accordingly, Freedman violated § 1692f of the FDCPA.

19. Freedman's actions render it liable to the Kabirs for statutory damages, actual damages, costs and attorneys' fees. 15 U.S.C. § 1692k.

*Plaintiffs Demand a Trial by Jury*

20. Plaintiffs request a jury for all of their claims.

*Prayer for Relief*

21. Plaintiffs request a judgment in their favor, and against Freedman, for:

    a. Statutory damages;

    b. Actual damages;

    c. Costs and attorneys' fees; and

    d. Any other relief deemed just.

Respectfully submitted,

By: s/*Lance A. Raphael*
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
Michael Hilicki
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

Christopher Kruger
The Law Offices of Christopher Kruger
2022 Dodge Avenue
Evanston, IL 60201-3434
(847) 420-1763

## NOTICE OF LIEN

Please be advised that, under 770 Ill. Comp. Stat. § 5/1, the Consumer Advocacy Center, P.C. and Law Offices of Christopher Kruger claim a lien upon any recovery herein for the reasonable fees and costs expended litigating Plaintiffs' claims or such an amount as the Court awards.

          Respectfully submitted,

          By: s/*Lance A. Raphael*
          One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
Michael Hilicki
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL  60602
(312) 782-5808

Christopher Kruger
The Law Offices of Christopher Kruger
2022 Dodge Avenue
Evanston, IL 60201-3434
(847) 420-1763

## DOCUMENT PRESERVATION DEMAND

Plaintiffs hereby demand that the Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that Defendant requests that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

          By: s/*Lance A. Raphael*
          One of Plaintiffs' Attorneys