# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHAH KABIR and URSULA KABIR, | ) |
| Plaintiffs, | ) |
| | ) No. 14 C 1131 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| FREEDMAN ANSELMO LINDBERG LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

After Defendant Freedman Anselmo Lindberg LLC ("FAL") filed motions in a dismissed state court mortgage foreclosure case representing that FAL's client was entitled to entry of a judgment of foreclosure against Plaintiffs Shah Kabir and Ursula Kabir, the Kabirs brought this case against FAL alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* FAL has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Because the Court finds that FAL's filings in the state foreclosure action qualify as attempts to collect a debt and that the Kabirs are not attempting to use the FDCPA as an enforcement mechanism for state court procedural rules but rather have alleged violations made actionable by §§ 1692e and 1692f, FAL's motion [38] is denied.

## BACKGROUND

On July 7, 2008, FAL, on its client's behalf, filed a lawsuit in state court against the Kabirs seeking to foreclose on the Kabirs' home mortgage loan. On July 20, 2009, the lawsuit was dismissed with leave to reinstate within one year upon the filing of a motion supported by an affidavit if the Kabirs defaulted on their loan modification, repayment plan, or other settlement agreement. That year passed, making the dismissal final. But on February 20, 2013, FAL filed

motions for summary judgment and default against the Kabirs, with supporting documentation, seeking entry of a judgment of foreclosure, sale of the Kabirs' property, and an award of attorneys' fees and costs.[1] The Kabirs responded by filing a motion to dismiss for lack of jurisdiction. The state court denied the motions filed by FAL and granted the Kabirs' motion to dismiss. The Kabirs also moved for attorneys' fees under 735 Ill. Comp. Stat. 5/15-1510, arguing that because the Court did not have jurisdiction to hear the summary judgment motion, the Kabirs incurred unnecessary expenses in hiring counsel to respond to that motion and file their own motion to dismiss. The court granted the Kabirs' attorneys' fee request, although it reduced the amount requested from $3,786.70 to $2,225.00. The Kabirs then brought suit in this Court claiming that FAL violated the FDCPA with its February 2013 filings.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), FAL may move for judgment on the pleadings after the complaint and answer have been filed. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, the Court considers the complaint, answer, and documents attached as exhibits to the pleadings. *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998). A motion for judgment on the pleadings is reviewed under the same standard as that applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Where the defendant moves for judgment on the pleadings, as is the case here, the motion should be granted if "it appears beyond all doubt that the plaintiff cannot prove any facts that would support his

---

[1] Although not attached to the Complaint or the Answer, the Court may consider these filings as they are referenced in the Complaint and the Answer and central to the Kabirs' claim. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). The Court also may take judicial notice of these filings, as they are matters of public record. *See Goode v. PennyMac Loan Servs., LLC*, No. 14 C 01900, 2014 WL 6461689, at *3 (N.D. Ill. Nov. 18, 2014) (taking judicial notice of state court filings in underlying foreclosure proceeding).

2

claim for relief." *Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted).

## ANALYSIS

The Kabirs allege that FAL violated the FDCPA by filing the motions for summary judgment and default against them in February 2013 when the foreclosure case was no longer pending. In doing so, the Kabirs contend that FAL falsely represented that their "alleged mortgage loan debt was in legal proceedings, that the alleged debt was still subject to the jurisdiction of the state court, and that [FAL] could legally obtain a default, summary judgment and other relief against the Kabirs in the dismissed lawsuit." Compl. ¶ 14. These actions, according to the Kabirs, violated § 1692e of the FDCPA, which prohibits debt collectors from using any "false, deceptive or misleading representation[s] or means in connection with the collection of any debt," from misrepresenting the status of an alleged debt, and from threatening to take any action that cannot legally be taken. The Kabirs also contend that FAL violated § 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, as the Kabirs were subjected to stress and additional costs as a result of FAL's attempt to obtain a judgment of foreclosure in a dismissed case. FAL seeks entry of judgment in its favor, arguing that the Kabirs are improperly attempting to use the FDCPA to enforce the Illinois Rules of Civil Procedure and the Illinois Mortgage Foreclosure Law and that the February 2013 filings, on which the Kabirs' claims are founded, did not attempt to collect a debt but rather only sought to enforce a security interest.

**I.    Allegations of an Attempt to Collect a Debt**

The Court will first address FAL's argument that the Kabirs' claims fail because the February 2013 filings in the foreclosure action were not attempts to collect a debt. To state a

3

claim under the FDCPA, the Kabirs must allege that (1) FAL qualifies as a "debt collector" as defined in § 1692a(6), (2) the actions of which they complain were taken "in connection with the collection of any debt," and (3) the actions violated one of the FDCPA's substantive provisions. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (citation omitted) (internal quotation marks omitted). FAL does not challenge the first element and the third element is addressed below. FAL argues that the second element is not met here because a foreclosure action is not "in all instances a debt collection activity." Doc. 39 at 7. FAL claims that because the only relief sought was summary judgment, entry of default, and entry of a judgment of foreclosure and sale, without any request for a monetary judgment, the conduct of which the Kabirs complain does not constitute debt collection activity but rather is more analogous to security enforcement activity that does not come within the scope of the FDCPA. *See Rosado v. Taylor*, 324 F. Supp. 2d 917, 924 (N.D. Ind. 2004) ("Security enforcement activities fall outside the scope of the FDCPA because they aren't debt collection practices."); *Boyd v. J.E. Robert Co.*, No. 05-CV-2455(KAM)(RER), 2013 WL 5436969, at *9–12 (E.D.N.Y. Sept. 27, 2013) (collecting cases finding foreclosure without an accompanying monetary judgment is not debt collection).

The Seventh Circuit has not determined whether mortgage foreclosure actions qualify as debt collection activities under the FDCPA, but those courts of appeals to consider the issue have all held that communications related to mortgage foreclosures are covered by the FDCPA. *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 179 (3d Cir. 2015) ("Nowhere does the FDCPA exclude foreclosure actions from its reach. On the contrary, foreclosure meets the broad definition of 'debt collection' under the FDCPA, and it is even contemplated in various places in the statute." (citations omitted)); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir.

2013) ("[M]ortgage foreclosure is debt collection under the FDCPA."); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012) ("A communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest."); *Kaltenbach v. Richards*, 464 F.3d 524, 529 (5th Cir. 2006) ("[A] party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing security interests."); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) ("[A]ctions surrounding the foreclosure proceeding were attempts to collect that debt."); *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 236 (3d Cir. 2005) ("[I]f a collector were able to avoid liability under the FDCPA simply by choosing to proceed *in rem* rather than *in personam*, it would undermine the purpose of the FDCPA." (citation omitted) (internal quotation marks omitted)).

This position is also supported by the FDCPA's definition of "debt," which includes both secured and unsecured loans. 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment"); *Glazer*, 704 F.3d at 461 ("[A] home loan is a 'debt' even if it is secured."); *Reese*, 678 F.3d at 1218 ("A debt is still a 'debt' even if it is secured."). And while there has been some disagreement about how to read the FDCPA's definition of "debt collector,"[2] which specifically

---

[2] Section 1692a(6) defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. . . . ." 15 U.S.C. § 1692a(6).

5

includes a sentence regarding enforcement of security interests for purposes of § 1692f(6),[3] the Court agrees with those courts that have found that it does not otherwise exclude from debt collection those enforcing a security interest but rather "make[s] clear that some persons who would be without the scope of the general definition are to be included where § 1692f(6) is concerned." *Glazer*, 704 F.3d at 463 (alteration in original) (citation omitted) (internal quotation marks omitted); *Paulsen v. Blommer Peterman, S.C.*, No. 14-cv-106-wmc, 2015 WL 1486546, at *3 (W.D. Wis. Mar. 31, 2015). *But see Natividad v. Wells Fargo Bank, N.A.*, No. 3:12-cv-03646 JSC, 2013 WL 2299601, at *6 (N.D. Cal. May 24, 2013) (calling into question *Glazer*'s discussion of a "debt collector," noting that finding "a person regularly or principally engaged in the enforcement of secured interests" to be a debt collector would make the third sentence of § 1692a(6) "meaningless").[4]

Additionally, although FAL argues that mortgage foreclosure is distinct from debt collection where property is to be sold to satisfy the outstanding debt and no monetary payment is sought from the debtor, the Seventh Circuit has made clear that "an explicit demand for payment" is not required for an activity to have been taken "in connection with the collection of any debt." *Gburek*, 614 F.3d at 385. Instead, "the absence of a demand for payment is just one of several factors that come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt." *Id.* And as the Sixth Circuit has stated, "*every* mortgage foreclosure, judicial or otherwise, is undertaken for the

---

[3] Section 1692f(6) provides that it is a violation of the FDCPA to "[t]ak[e] or threaten[ ] to take any nonjudicial action to effect dispossession or disablement of property if— (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).

[4] It bears pointing out again that FAL does not challenge the Kabirs' allegation that it is a debt collector under the FDCPA.

very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.,* forcing a settlement) or compulsion (*i.e.,* obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." *Glazer*, 704 F.3d at 461; *see also id.* at 463 ("There can be no serious doubt that the ultimate purpose of foreclosure is the payment of money.").

The Court thus agrees that a foreclosure action qualifies as debt collection.[5] *See Bieber v. J. Peterman Legal Grp. Ltd.*, --- F. Supp. 3d ----, 2015 WL 2340354, at *2–4 (E.D. Wis. May 15, 2015) (foreclosure action that does not seek money judgment is debt collection under FDCPA); *Paulsen*, 2015 WL 1486546, at *2–5 (finding that initiation of foreclosure proceedings absent deficiency claim was an attempt to collect debt within scope of FDCPA's protection). Finding otherwise "would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt." *Wilson*, 443 F.3d at 376; *see also Reese*, 678 F.3d at 1218 (holding otherwise would create a large loophole in the FDCPA, with the practical result being that the FDCPA "would apply only to efforts to collect unsecured debts").

But even if the Court were to find that a foreclosure proceeding does not qualify as an attempt to collect a debt, the Kabirs would nonetheless be able to proceed on their FDCPA claims. Even in those cases that find that a foreclosure proceeding is not debt collection, but merely the enforcement of a security interest, courts find an exception where the debt collector seeks a deficiency judgment so that the FDCPA applies. *See, e.g.*, *Overton v. Foutty & Foutty, LLP*, No. 1:07-cv-0274-DFH-TAB, 2007 WL 2413026, at *6 (S.D. Ind. Aug. 21, 2007) (adopting *Rosado* position while noting that "if the person is also seeking additional relief, such

---

[5] Because the Court finds that foreclosure actions generally constitute debt collection, the Court need not address the Kabirs' specific arguments that FAL's requests in the February 2013 filings for itemized damages and attorneys' fees were an attempt to collect a debt.

7

as a personal judgment against the borrower, then the FDCPA applies"); *cf. Glazer*, 704 F.3d at 461 (noting that deficiency judgment remedy "would not exist if foreclosure were not undertaken for the purpose of obtaining payment"). Here, FAL included a request for a deficiency judgment against Ursula Kabir in the foreclosure complaint, meaning it could seek a deficiency judgment if the sale of the house did not cover the amount owed on the loan. Because of the possibility of a deficiency judgment, FAL's actions, even under the *Rosado* line of cases, would still fall within the FDCPA's scope. *See Funderburk v. The Wirbicki Law Grp., LLC*, No. 13 C 4848, Doc. 30 at 3 (N.D. Ill. Nov. 13, 2013) (distinguishing *Rosado* and noting that complaint for foreclosure sought *in personam* or *in rem* deficiency judgment); *cf. Boyd*, 2013 WL 5436969, at *12 ("[W]here, as here, no monetary judgment is sought against a debtor, the enforcement of a security interest through lien foreclosure does not constitute debt collection for purposes of the FDCPA."). Thus, under either approach, the Kabirs have sufficiently alleged the second element of their FDCPA claim.

## II. Sufficiency of Allegations for §§ 1692e and 1692f Violations

The Court must then turn to whether the Kabirs have sufficiently alleged violations of §§ 1692e and 1692f. FAL argues that the Kabirs' claims fail because they are improperly seeking to enforce state law under the guise of an FDCPA claim, relying on *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007). The two substantive FDCPA sections must be analyzed separately.

### A. Section 1692e

With respect to § 1692e, in *Beler*, the plaintiff argued that filings in a state court case violated that section because the description of a contract "was not clear enough to enable an unsophisticated consumer to understand the relation among merchant, transaction processor, and

creditor." *Id.* at 472 (citation omitted). Noting that the plaintiff did not contend that the complaint was deceptive or that the law firm was trying to mislead her, the Seventh Circuit held that § 1692e does not provide relief for violations of state procedural rules, such as the need for state court pleadings to provide notice of a claim. *Id.* at 473; *see also St. John v. CACH, LLC*, No. 14 C0733, 2014 WL 3377354, at *3 (N.D. Ill. July 8, 2014) ("It is well-established in this district that FDCPA claims cannot be based on violations of the Illinois state pleading requirements." (collecting cases)). But *Beler* "postpone[d] to some future case . . . the decision whether § 1692e covers the process of litigation."[6] *Beler*, 480 F.3d at 473.

After *Beler*, district courts in the Seventh Circuit have allowed plaintiffs to pursue § 1692e claims for alleged misrepresentations in state court proceedings. *See, e.g.*, *St. John*, 2014 WL 3377354, at *3 ("A valid FDCPA claim exists if a defendant makes a false or misleading statement relating to the collection of a debt whether the statement was made in a state court complaint or during state court litigation."); *Eichman v. Mann Bracken, LLC*, 689 F. Supp. 2d 1094, 1100 (W.D. Wis. 2010) ("[A]n attorney's alleged misrepresentation of a fact or filing of a frivolous counterclaim could be a sufficient basis for an FDCPA suit."); *Matmanivong v. Unifund CCR Partners*, No. 08 CV 6415, 2009 WL 1181529, at *3 (N.D. Ill. Apr. 28, 2009) ("While a claim alleging insufficient state-court pleadings is controlled by state procedural and evidentiary law and is not a valid claim under the FDCPA, if the plaintiff alleges more than merely state-court pleading deficiencies and, instead, alleges that a false representation was made

---

[6] Other circuits have held that the FDCPA applies to litigation activities. *See, e.g.*, *Kaymark*, 783 F.3d at 177 ("[A] communication cannot be uniquely exempted from the FDCPA because it is a formal pleading or, in particular, a complaint."); *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014) ("The fact that the [alleged violation] appears in a lawsuit or other court filing does not diminish the threatening nature of the communication for purposes of the FDCPA."); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1031–32 (9th Cir. 2010) ("[A] complaint served directly on a consumer to facilitate debt-collection efforts is a communication subject to the requirements of §§ 1692e and 1692f."); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229–32 (4th Cir. 2007) (FDCPA applies to litigation activities of attorneys, including the filing of summary judgment motions).

9

in the pleadings, then the violation may properly be considered under the FDCPA." (citations omitted)); *Guevara v. Midland Funding NCC-2 Corp.*, No. 07 C 5858, 2008 WL 4865550, at *5 (N.D. Ill. June 20, 2008) (plaintiff stated FDCPA claim by alleging defendants made misrepresentations in state court complaint). The Court follows these cases in finding that the fact that the false statements appear in state court filings does not preclude the Kabirs' claim.

Further, the Kabirs are not complaining about the wording of the February 2013 pleadings or about whether FAL followed Illinois procedural rules or violated the Illinois Mortgage Foreclosure Law in filing the motions at issue. *Cf. Beler*, 480 F.3d at 47 (plaintiff challenged the form of the state court complaint, not any false representations in the pleadings, under § 1692e); *Washington v. N. Star Capital Acquisition, LLC*, No. 08 C 2823, 2008 WL 4280139, at *2 (N.D. Ill. Sept. 15, 2008) (plaintiff could not proceed on § 1692e claim where he alleged that the defendant violated Illinois pleading requirements because the alleged assignment was not attached to the state court complaint but did not allege that the statements in the state court complaint were false). Instead, the Kabirs are complaining that FAL made false statements to them, misrepresenting the status of a legal action related to their debt and harassing them by pursuing a judgment of foreclosure in a dismissed case. These allegations plausibly suggest violations of § 1692e, making judgment for FAL inappropriate on that claim. *See Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472–73 (7th Cir. 2000) (allegation in state court complaint about the legal status of debt was false representation in violation of § 1692e); *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 944 (N.D. Ill. 2012) ("The filing of a legally defective debt collection suit can violate § 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt.").

### B. Section 1692f

As for § 1692f, the *Beler* court held that that section is not a vehicle for enforcing the violation of other substantive state laws. 480 F.3d at 473–74 ("§ 1692f creates its own rules (or authorizes courts and the FTC to do so); it does not so much as hint at being an enforcement mechanism for other rules of state and federal law. This is not a piggyback jurisdiction clause."). But it also noted that "the phrase 'unfair or unconscionable' is as vague as they come." *Id.* at 474. Although § 1692f includes a list of examples of violations of the section, that list is non-exhaustive. 15 U.S.C. § 1692f ("Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . ."). Nonetheless, in considering § 1692f(6)'s prohibition on nonjudicial actions seizing property exempt by law, the *Beler* court stated that "the implication is that state judicial proceedings are outside the scope of § 1692f," with state court judges free to "decide how their judgments are to be collected." 480 F.3d at 475.

Recently, the Seventh Circuit echoed this, expressing "much doubt that a state court motion for summary judgment—filed to collect an overdue credit card debt—could qualify as an unfair or unconscionable act under the FDCPA." *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, --- F.3d ----, 2015 WL 4509935, at *3 (7th Cir. July 27, 2015) (relying on § 1692f(6) and the resulting implication that "state judicial proceedings are outside the scope of § 1692f"). Nonetheless, the *Bentrud* court noted that § 1692(6) was "merely one of eight illustrations in a non-exhaustive list" and continued to look at the particular facts of the plaintiff's § 1692f claim to decide whether the defendant's motion for summary judgment had been properly granted. *Id.* The court agreed that the plaintiff's § 1692f claim failed because it was merely an attempt to use the FDCPA as "an enforcement mechanism for the arbitration provision in his credit card agreement." *Id.* at *4.

Here, the Kabirs allege that FAL engaged in an unfair practice by attempting to obtain a default and judgment of foreclosure against them in February 2013 in a foreclosure case that was no longer pending. FAL contends that the claim fails because it merely seeks to enforce state legal rules regarding the propriety of FAL's February 2013 filings. While the Court is mindful of the Seventh Circuit's uncertainty as to whether state court motions for summary judgment, such as the filing at issue here, could ever amount to violations of § 1692f, because that issue has not been definitively resolved by the Seventh Circuit and was not the subject of briefing by the parties, the Court will not decide it at this time. Instead, the Court finds that it is at least plausible that the Kabirs have alleged a viable unfair or unconscionable act under § 1692f, as FAL sought judgment against them knowing that there was a legal bar to that judgment. *See Parkis v. Arrow Fin. Servs., LLS*, No. 07 C 410, 2008 WL 94798, at *7 (N.D. Ill. Jan. 8, 2008) (claim for filing state court complaint attempting to collect time-barred debt is viable under FDCPA, as the "threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate" (citation omitted) (internal quotation marks omitted)); *Curto v. Palisades Collection, LLC*, No. 07-CV-529(S), 2011 WL 5196708, at *5 (W.D.N.Y. 2011) (filing suit where prior action has been dismissed with prejudice could be a violation under § 1692f, for "[w]hile a consumer would legally prevail on each successive claim on the basis of res judicata, these proceedings would nevertheless serve to harass him and compel him to expend resources defending himself in court"). The Kabirs' claim can thus be construed as more than just one to enforce the Illinois Mortgage Foreclosure Law, which is nowhere mentioned in their complaint. At this stage, then, the Court will allow the § 1692f claim to proceed. *See Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013) ("Whether a

particular collection practice other than those specified in § 1692f qualifies as unfair or unconscionable is assessed objectively and is a question for the jury unless reasonable jurors could not find that the practice described rose to that level.").

## CONCLUSION

For the foregoing reasons, FAL's motion for judgment on the pleadings [38] is denied.

Dated: August 10, 2015

SARA L. ELLIS
United States District Judge